## EMMA E. SNOWDEN *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    January 13, 14, 1890. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Passenger on Railroad — Contributory Negligence.*

A woman, who was lame, entered a railroad train, as it stopped at a station, by the front platform of the rear car, and, perceiving that car to be full, proceeded to go into the car next forward. The platforms were about six inches apart, and the intervening buffers, the tops of which were nearly level with the platforms, were in contact as the train stood still. The train, upon which she had often travelled, made a shorter stop than usual at that station, and started with a jerk just as, without looking down, she was about to step from one car to the other. She stepped upon the buffers as they separated with the movement of the train, and her foot slipped between them and was injured. *Held,* that she was guilty of contributory negligence, and could not recover against the railroad company for her injuries.

TORT for personal injuries occasioned to the plaintiff while passing from the platform of one car to that of another car of a passenger train of the defendant. Trial in the Superior Court, before *Thompson,* J., who refused to rule, as requested

by the defendant, that, upon the evidence, the plaintiff was guilty of contributory negligence, and could not recover; and, after a verdict for the plaintiff, the defendant alleged exceptions. The facts appear in the opinion.

*A. A. Strout & W. I. Badger*, for the defendant.

*B. Wadleigh*, for the plaintiff.

DEVENS, J. In considering whether, as matter of law, the plaintiff has failed to show that she was in the exercise of due care, and was thus guilty of negligence which contributed to the injury which she sustained, it is to be considered, whatever contradictions may exist, that the testimony offered by herself and on her behalf was that which was relied upon by the jury. According to this, "when she reached the forward platform of the rear car" of the train upon which she took passage from Malden for Boston, "she mounted the steps thereof as fast as she could, and as she mounted the steps she glanced into the rear car, and, as it looked full, she turned about and looked into the forward car, and, as said car did not look so full, she proceeded, while the train was at rest, to pass forward to the car next in front of said rear car; that in passing over to the forward car without looking to see where she stepped, just as the train started she placed her foot upon the buffers between said cars; and that when the cars started the buffers opened, her foot slipped down between the buffers, and her great toe was caught and jammed." There was evidence from the plaintiff, or her witnesses, that she had been lame for many years; that she often travelled on this train; that it made a shorter stop than usual; that it started with a jerk; that the distance between the two rear cars was about six inches; that there was nothing to prevent the plaintiff from stepping from one platform to the other; and that the tops of the buffers were nearly on a level with the platforms of the cars. These buffers were iron plates attached to the ends of rods running beneath the cars, and lengthwise thereof, which played upon each other, as the train moved, by means of spiral springs attached to the ends of said rods, the play between the buffers being about two inches. The cars were properly constructed and equipped, and the platforms and buffers thereof were in good condition at the time of the injury.

That the plaintiff was guilty of negligence in merely endeavoring to pass from one car to the other while the train was not in motion, when the distance was only six inches, if proper precautions had been taken, could not fairly be contended. But she did so without looking to see where she stepped; and she had been lame for many years, which required that she should exercise more caution than otherwise might have been demanded of her. The place where she stepped was the more dangerous in view of her physical condition. If she had looked, she would of course have seen that it was not only possible, but easy, to pass from one car to the other without stepping on the buffers; that they formed no portion of the platforms; that they were at a lower level, and were connected with the machinery by which the cars were moved and governed; and that they were intended to open and close with the motion of the train. The plaintiff was in no special hurry, nor was there anything to confuse or embarrass her, so as to divert her attention in passing from one car to another. The most rapid glance would have shown that the buffers were not only a part of the machinery by which the car was drawn, and were not intended to be interfered with or used in any way by passengers, but that such use would be attended with instant danger, should the train from any cause be started.

The ground upon which the conduct of the plaintiff is sought to be vindicated in failing to look where she should have looked, and in placing her foot where she should not have placed it, is that the train was not then in motion, and that when it started it did so with a jerk, and after a shorter stop than usual. The train had no fixed length of time for its stop, nor, so far as appears, any time arranged for its starting, so that one could fairly calculate that it would not start until that time arrived. Even if its stop was shorter than usual, its stops were regulated only by the exigencies of its business at the station. Nor even if the train started with a jerk had the plaintiff a right to assume that it would not do so, and for that reason to put herself in a place which must be one of danger if such a thing occurred. The motion which is communicated to the various cars of a train by the engine is not simultaneous, but successive, and it is well known that this is not done always

with entire smoothness. While one in the exercise of due care may properly calculate to a certain extent, in many cases, that proper precautions will be taken by another, by whose conduct his own must be regulated, yet negligence on his own part actually contributory to the injury is not excused by that of others. As a matter of common knowledge and experience, the placing by the plaintiff of her foot on a part of the motive machinery of the train, without looking to see where she was stepping, and without the slightest necessity for so doing, was an act wanting in due care. To this her injury was directly attributable, and upon these facts she is not entitled to recover. *Chaffee* v. *Boston & Lowell Railroad,* 104 Mass. 108. *Wheelwright* v. *Boston & Albany Railroad,* 135 Mass. 225.　　　　　　　　　　　　　*Exceptions sustained.*